UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JONAH REED, | Case No. 24-cv-3530 (LMP/DLM) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| GILLETTE CHILDREN'S SPECIALTY HEALTHCARE, | |
| Defendant. | |

Jonah Reed, Minneapolis, MN, *pro se*.

Jennifer R. Olson and Steven J. Sheridan, **Fisher Bren & Sheridan, LLP**, **Minneapolis, MN,** for Defendant.

Plaintiff Jonah Reed ("Reed") filed this suit against Defendant Gillette Children's Specialty Healthcare ("Gillette") asserting claims under Minnesota and federal law arising from Gillette's alleged failure to provide adequate care to Reed's minor child, G.F.[1] *See generally* ECF No. 33.[2] Gillette now seeks dismissal of Reed's complaint for failure to

---

[1] The Court refers to G.F. only by their initials to protect their identity pursuant to Federal Rule of Civil Procedure 5.2(a).

[2] For clarity of the record, Reed initially filed suit in Minnesota state court, ECF No. 6-1, and Gillette removed the case to federal court, ECF No. 6. Reed, who is acting *pro se*, initially filed suit on her own behalf and on behalf of her minor children, including G.F. *See* ECF No. 6-1 at 2. The Court informed Reed that "a *pro se* person may not generally litigate on behalf of her minor children" and ordered Reed "to show cause why she may proceed *pro se* on behalf of her minor children." ECF No. 4. Reed responded to the Court's order by amending her complaint and indicating her intention to proceed only

state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 25.  For the reasons set forth below, Gillette's motion is granted, and Reed's complaint is dismissed without prejudice.

## BACKGROUND

Reed took G.F. to Gillette on October 16, 2023, for treatment of an unspecified health issue.  ECF No. 33 at 1.  Dr. Christopher Bowron, a Gillette physician, performed a "swallow study" on G.F., which indicated that G.F. required a specialized type of formula.  *Id.*  G.F. was admitted to Gillette's Neuroscience Unit so that a feeding tube could be placed to administer the formula to G.F.  *See id.*  G.F. was scheduled for surgery on October 20, 2023, but Reed appears to assert that Gillette did not need to admit G.F. and that Gillette "sought to prolong the stay unnecessarily."  *Id.*  Reed states that on October 17, 2023, Dr. Bowron attempted to alter G.F.'s formula without informing her and "began insinuating non-medical concerns to prolong" G.F.'s hospital stay.  *Id.*  Reed asserts that the next day, Gillette staff "administered expired formula" to G.F.  *Id.* at 2.  Reed alerted a Gillette dietary aide about the expired formula on October 19, 2023, but the aide "responded dismissively."

---

on her own behalf.  ECF No. 23 at 1.  However, Reed's amended complaint contained references to G.F.'s full name, which violates Federal Rule of Civil Procedure 5.2(a).  *See* ECF No. 24.  The Court ordered Reed to "bring her pleadings into compliance" with Rule 5.2(a) and directed the Clerk of Court to maintain Reed's amended complaint under seal, *id.*, but Reed did not respond to that order.  The Court, for the purpose of maintaining a public record of these proceedings, sua sponte directed the Clerk of Court to file a public version of Reed's amended complaint with G.F.'s name redacted.  *See* ECF No. 33.  Accordingly, Reed's amended complaint, ECF No. 23, is the operative complaint for purposes of assessing Gillette's motion to dismiss, but the Court cites herein to the publicly available, redacted version of Reed's complaint, ECF No. 33.

*Id.* The same day, Reed requested that G.F. be discharged, but Dr. Bowron advised against it. *Id.* That evening, Reed alleges that she found G.F.'s medical devices "disconnected," which further "raised concerns over the administration of proper formula." *Id.* Reed then left Gillette with G.F., despite Dr. Bowron's advice that G.F. not be discharged. *Id.* Reed asserts that a Gillette nurse followed her to the parking lot and "attempt[ed] to engage [Reed] in an intimidating manner." *Id.*

On October 20, 2023, a Gillette social worker filed a report with Child Protection Services ("CPS") "suggesting neglect due to [Reed's] decision to leave the hospital," which Reed asserts was "baseless." *Id.* A social worker with CPS contacted Reed about the report and requested an in-person meeting with Reed. *Id.* at 3. The case remained open through at least December 14, 2023, but it was closed at some point thereafter. *Id.*

Reed filed suit in Minnesota state court on June 25, 2024, ECF No. 6-1, and Gillette removed the case to this Court on September 4, 2024, ECF No. 1. Reed alleges that: (1) Gillette violated the standard of care owed by hospitals under Minn. Stat. § 144.651;[3] (2) Gillette's nurse harassed her in violation of Minn. Stat. § 609.749 when Reed left with

---

[3] Reed asserts that Gillette violated Minnesota's "standard of care laws" in these claims, ECF No. 33 at 1, but she cites Minn. Stat. § 144.581 for some of them, *see id.* at 1–2. That statute does not relate to the "standard of care" owed by hospitals, but rather relates generally to corporate governance for hospitals. *See* Minn. Stat. § 144.581. Reed also cites Minn. Stat. § 144.651 for similar claims, *see* ECF No. 33 at 2, which provides that "[p]atients and residents shall have the right to appropriate medical and personal care based on individual needs," Minn. Stat. § 144.651, subd. 6. The Court has a "duty to construe liberally a *pro se* party's pleadings." *Boldon v. Messerli & Kramer, P.A.*, 92 F. Supp. 3d 924, 929 (D. Minn. 2015) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Accordingly, the Court construes these claims to allege violations of Minn. Stat. § 144.651.

3

G.F. against medical advice; and (3) Gillette's social worker filed a false report with CPS as retaliation for Reed's complaints regarding G.F.'s care in violation of Minn. Stat. § 260E.08.[4]  *See* ECF No. 33 at 1–3.  Reed also alleges a violation of Title VI of the Civil Rights Act of 1964 ("Title VI") and requests a "[f]ederal investigation into the hospital's actions and protocols involving Black/African American families" regarding purported "incidents of discrimination, [i]ntentional infliction of [e]motional [d]istress targeting African American families with disabled children[,] and harassment."  *Id.* at 3.  Reed further requests compensatory damages for all her claims in the amount of $20 million.  *Id.*

Gillette denies Reed's claims and moves to dismiss her complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 25; *see generally* ECF No. 27.  After the deadline for Reed's response to Gillette's motion to dismiss passed, the Court sua sponte extended the deadline to encourage Reed to file a response.  ECF No. 32 at 2–3.  Reed did not respond to Gillette's motion.  *See* ECF No. 34.

## ANALYSIS

### I.     Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face."

---

[4]     The statute Reed cites for this claim, Minn. Stat. § 626.556, was repealed in 2020. *See* Laws of Minnesota 2020, 1st Spec. Sess., ch. 2, art. 7, § 39.  As Gillette notes, ECF No. 27 at 13, these claims are more appropriately brought under Minn. Stat. § 260E.08, which relates to penalties for making false reports to CPS.  The Court construes Reed's claims accordingly.  *See Boldon*, 92 F. Supp. 3d at 929.

4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While the complaint "need not set forth detailed factual allegations, or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests."  *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 795–96 (8th Cir. 2021) (internal quotation marks omitted) (citation omitted).  When considering a motion to dismiss for failure to state a claim, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all reasonable inferences in favor of the nonmoving party."  *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014) (internal quotation marks omitted) (citation omitted).  But "the Court need not accept as true wholly conclusory allegations or legal conclusions couched as factual allegations."  *Polaris Indus., Inc. v. Mangum*, 690 F. Supp. 3d 966, 971 (D. Minn. 2023) (citing *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation omitted).

In addition, courts have a "duty to construe liberally a *pro se* party's pleadings."  *Boldon v. Messerli & Kramer, P.A.*, 92 F. Supp. 3d 924, 929 (D. Minn. 2015) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But while "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers . . . even a *pro se* complaint must allege facts, and not just bare, unsupported, legal conclusions."  *Martin v. Benson*, 827 F. Supp. 2d 1022, 1025 (D. Minn. 2011) (citations omitted).

5

## II. Reed's Claim Under Title VI

Title VI prohibits racial discrimination in any program that receives federal funding. *K.R. ex rel. Proctor v. Duluth Pub. Schs. Acad.*, 591 F. Supp. 3d 418, 427 (D. Minn. 2022) (citing 42 U.S.C. § 2000d). To demonstrate unlawful discrimination under Title VI, a plaintiff must show "that race, color, or national origin motivated the defendant's discriminatory conduct." *Id.* at 428 (citing *Thompson v. Bd. of Spec. Sch. Dist. No. 1*, 144 F.3d 574, 581 (8th Cir. 1998)). Where, as here, a plaintiff offers no direct factual allegations of unlawful racial discrimination, the plaintiff may show such discrimination through circumstantial allegations, such as alleging that a person of another race who is "similarly situated in all relevant respects" to the plaintiff received more favorable treatment. *See Lucke v. Solsvig*, 912 F.3d 1084, 1087 (8th Cir. 2019) (citations omitted). To state a Title VI claim under a racial hostility theory, a plaintiff must plead facts sufficient to show that the defendant was "(1) deliberately indifferent, (2) to known acts of discrimination, (3) which occurred under its control." *K.R.*, 591 F. Supp. 3d at 428 (quoting *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 782 (8th Cir. 2001)).

Reed's complaint contains practically none of the kinds of factual allegations necessary to state a Title VI claim. Reed offers no facts to suggest that a similarly situated person of another race received more favorable treatment. Indeed, Reed's race is mentioned only in passing in the portion of her complaint requesting relief, where she demands an "investigation into the hospital's actions and protocols involving Black/African American families." ECF No. 33 at 3. Nor does she allege any deliberate indifference by Gillette to any claims of racial discrimination. The closest Reed comes to

6

making such an allegation is her claim that a Gillette dietary aide "responded dismissively" to Reed's concerns regarding the purportedly expired formula Gillette gave G.F., ECF No. 33 at 2, but nothing in Reed's complaint permits a reasonable inference that this incident was influenced by Reed's race. And any suggestion by Reed to the contrary is conclusory at best. Simply put, the Court cannot plausibly infer from Reed's "bare, unsupported" allegations that Gillette unlawfully discriminated against Reed *at all*, much less intentionally or in a racially motivated manner. *See Martin*, 827 F. Supp. 2d at 1025; *see also Twombly*, 550 U.S. at 555.

For these reasons, Reed's claim for unlawful discrimination under Title VI must be dismissed.

### III. Reed's Claims Under Minnesota Law

Reed's remaining claims are all brought under Minnesota law, *see* ECF No. 33 at 1–3, which raises the question of whether this Court has jurisdiction to hear those claims. "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Minnesota ex rel. Ellison v. Am. Petroleum Inst.*, 63 F.4th 703, 708 (8th Cir. 2023) (quoting *Gunn v. Minton*, 586 U.S. 251, 256 (2013)). In this case, the Court has original jurisdiction over Reed's Title VI claim because it arises under federal law. *See* 28 U.S.C. § 1331. But Reed's remaining claims arise under Minnesota law, so the Court would only be authorized to hear those claims under 28 U.S.C. § 1367(a), which permits courts to exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within [a court's] original jurisdiction that they form part of the same case or controversy." When a federal court has dismissed all claims over which

it has original jurisdiction, however, "it is appropriate for [the] court to decline to exercise supplemental jurisdiction over" the remaining claims. *Steffen v. St. Paul Eye Clinic, P.A.*, 652 F. Supp. 3d 1029, 1042 (D. Minn. 2023) (citing *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009)); *see also* 28 U.S.C. § 1367(c)(3) ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .").

Here, Reed's sole federal claim under Title VI has been dismissed. Given the early stage of these proceedings, the Court, in its discretion, declines to exercise supplemental jurisdiction over Reed's remaining state-law claims. *See Steffen*, 652 F. Supp. 3d at 1042; *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citations omitted) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). Accordingly, the Court dismisses Reed's remaining claims brought under Minnesota law. *See Barstad v Murray County*, 420 F.3d 880, 888 (8th Cir. 2005) (affirming dismissal of supplemental state-law claims where all federal-law claims were dismissed).

## ORDER

Based on the foregoing, and all the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED** that:

1. Gillette's Motion to Dismiss Amended Complaint (ECF No. 25) is **GRANTED**;

2.      Reed's claims under Title VI in her Amended Complaint (ECF No. 23 at 3) are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted; and

3.      The remainder of Reed's claims in her Amended Complaint (ECF No. 23 at 1–3) are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 17, 2025         *s/Laura M. Provinzino*
                              Laura M. Provinzino
                              United States District Judge